## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAUSTO O.,                                    Case No. 26-CV-0854 (MJD/LIB)

       Petitioner,

v.                                            **ORDER**

KRISTI NOEM, ET AL.,

       Respondents.

IT IS HEREBY ORDERED THAT:

1.      Respondents are directed to file an answer to the petition for a writ of habeas corpus of petitioner Fausto O. by no later than February 2, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

2.      Respondents' answer should include:

    a.    Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

1

    b.     A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims;

    c.     Respondents' recommendation on whether an evidentiary hearing should be conducted; and

    d.     Whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release.

3. If Petitioner intends to file a reply to respondents' answer, he must do so by no later than February 4, 2026. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

4 Petitioner was apprehended within the District of Minnesota by federal officers and immediately placed into federal custody. The habeas petition challenges the legality of that seizure and detention.

    a.     This Court finds that its habeas jurisdiction attached at the time of Petitioner's apprehension in this District.

    b.     That jurisdiction is not defeated by any subsequent decision by Respondents to transfer Petitioner to another state.

c.  Habeas jurisdiction turns on custody and control, not on the Government's unilateral post-seizure movement of the detainee.

d.  The position that jurisdiction lies exclusively in the district to which Respondents transfer a petitioner would permit the Government to determine the forum for judicial review through its own logistics.  Federal courts may not be divested of jurisdiction in that manner.

5  Respondents are enjoined from removing Petitioner from the District of Minnesota until a final decision is made on the habeas petition.

6  If Petitioner has already been removed from Minnesota, Respondents are ordered to immediately return Petitioner to Minnesota.

7  In the event of an unforeseen circumstance or contingency, and with 72 hours' notice, Respondents may apply to the Court for permission to move Petitioner.

Dated: January 30, 2026          s/Michael J. Davis
                                 Michael J. Davis
                                 United States District Court

3